# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-4132
DIRECT FAX
917-777-4132
EMAIL ADDRESS
SUSAN.SALTZSTEIN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

April 2, 2024

**VIA ECF**

Hon. Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE: Letter to Judge Morrison Re: Stipulation to Consolidate and Stay
> *Hauser v. Cangemi*, No. 24-cv-01207 (NRM) (JRC)
> *Pierce v. Cangemi*, No. 24-cv-01408 (NRM) (JRC)
> *Karp v. Cangemi*, No. 24-cv-01421 (NRM) (JRC)
> *Wang v. Cangemi*, No. 24-cv-01422 (NRM) (JRC)

Dear Judge Morrison:

We represent Nominal Defendant New York Community Bancorp, Inc. ("NYCB") in the above-referenced actions (collectively, the "Related Derivative Actions"). On behalf of NYCB and with the consent of Plaintiffs Joseph Hauser, Aaron Pierce, Selwyn Karp and Elaine Wang and the individuals named as Defendants, we respectfully write to request (i) consolidation of the Related Derivative Actions and (ii) a stay of the Related Derivative Actions pending the entry of a decision on the anticipated motion to dismiss in the related putative securities class actions captioned *Lemm v. New York Community Bancorp, Inc.*, No. 1:24-cv-00903 (NRM) (JRC) (E.D.N.Y. filed Feb. 6, 2024), and *Miskey v. New York Community Bancorp, Inc.*, No. 2:24-cv-01118 (NRM) (JRC) (E.D.N.Y. filed Feb. 13, 2024) (together, the "Related Securities Actions"), pending before Your Honor. The proposed stay of the Related Derivative Actions would remain in place until the (i) the dismissal of the Related Securities Actions, with prejudice, by the court, and exhaustion of all appeals related thereto; or (ii) the denial of any motion to dismiss the Related Securities Actions in

Hon. Nina R. Morrison
April 2, 2024
Page 2

whole or in part; or (iii) notice by any party that they no longer consent to the voluntary stay of the Related Derivative Actions.

### A. The Related Derivative Actions Should Be Consolidated.

Under Rule 42(a) of the Federal Rules of Civil Procedure, a court may consolidate actions where they "involve a common question of law or fact." The Related Derivative Actions were commenced on February 15, 2024 (*Hauser*), and February 26, 2024 (*Pierce*, *Karp* and *Wang*) by purported stockholders of NYCB, purportedly on behalf of nominal defendant NYCB, against officers of NYCB and members of the NYCB Board of Directors (collectively, and together with NYCB, "Defendants").

The Related Derivative Actions all name the same Defendants. Moreover, the operative complaints in the Related Derivative Actions all allege that NYCB and certain officers and directors made false and misleading public disclosures relating to net charge-offs, prospective loan losses and allowances for credit losses. And the Related Derivative Actions assert overlapping claims for breach of fiduciary duties, aiding and abetting breaches of fiduciary duties, waste of corporate assets, unjust enrichment and claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b). Because the Related Derivative Actions involve common questions of law and fact, they should be consolidated.

### B. The Related Derivative Actions Should Be Stayed Pending Resolution of the Related Securities Actions.

"It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Trikona Advisors Ltd. v. Chuang*, No. 12-CV-3886, 2013 WL 1182960, at *2-3 (E.D.N.Y. Mar. 20, 2013). Indeed, "[t]he Court has discretion to stay civil proceedings 'pursuant to the power in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Shapiro*, No. 21-CV-02475 (GRB) (JMW), 2021 WL 5304056, at *1 (E.D.N.Y. Nov. 15, 2021) (citation omitted).

The Related Securities Actions were commenced on February 6, 2024 (*Lemm*), and February 13, 2024 (*Miskey*) by purported stockholders of NYCB against NYCB and two of the same individuals who are named in the Related Derivative Actions. The complaints in the Related Securities Actions assert causes of action for alleged violations of Section 10(b) and Section 20(a) of the Exchange Act. The Related Securities Actions are both pending before Your Honor. On March 12, 2024, this Court entered an order designating the Related Securities Actions as related.[1]

---

[1] The order also provided that the defendants shall have no obligation to respond to the complaints until after the appointment of lead plaintiffs' and the lead plaintiffs' filing of an operative complaint. Lead plaintiff

Hon. Nina R. Morrison
April 2, 2024
Page 3

The operative complaints in the Related Derivative Actions and the Related Securities Actions all allege that NYCB and certain officers and directors made false and misleading public disclosures relating to net charge-offs, prospective loan losses and allowances for credit losses. The Related Derivative Actions and Related Securities Actions are also brought against overlapping defendants and all assert claims under Section 10(b) of the Exchange Act.

We respectfully submit that a stay of the Related Derivative Actions would be appropriate until this Court rules on the anticipated motion to dismiss in the earlier-filed Related Securities Actions. Courts in the Second Circuit frequently approve requests for stays by parties in a derivative lawsuit pending the entry of a decision on a motion to dismiss in a related securities lawsuit. *See, e.g.*, *Lipshutz v. Costello*, No. 22-CV-4547 (RPK) (TAM), 2023 WL 3073517, at *2 (E.D.N.Y. Apr. 25, 2023) (acknowledging a prior order granting the parties' joint letter requesting a stay of the consolidated derivative action, which was filed in the Southern District of New York, "pending resolution of a motion to dismiss in the consolidated securities class action"); *In re Ebix, Inc. Deriv. Litig.*, No. 21-CV-04380 (JMF), ECF No. 18 (S.D.N.Y. Jul. 8, 2021) (entering order to stay derivative action "pending resolution of any motion(s) to dismiss" in the related securities class action); *Lewis v. Coty, Inc.*, No. 20-CV-09685 (LLS), ECF No. 18 (S.D.N.Y. Feb. 9, 2021) (entering order to stay derivative action "until a decision is rendered on the motion to dismiss in the Securities Class Action"); *Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, No. 11-CV-04383 (CM) (DF), 2015 WL 4389893, at *8 (S.D.N.Y. July 10, 2015) (observing that the court had previously granted the parties' stipulation "to stay the [derivative] case pending the resolution of a motion to dismiss that was anticipated to be filed in the securities action"); *see also In re Frontier Commc'ns Corp. Deriv. Litig.*, No. 17-CV-1792 (VAB), 2018 WL 3553332, at *7 (D. Conn. July 23, 2018) (granting joint motion to stay derivative action "until after the Federal [Securities] Action has proceeded through the motion to dismiss stage").

Here, just as in those cases, the Related Derivative Actions should be stayed pending the Court's decision on the forthcoming motion to dismiss in the Related Securities Actions.

First, there is a substantial overlap in allegations between the Related Derivative Actions and the earlier-filed Related Securities Actions. As such, a stay of the Related Derivative Actions pending the entry of a decision on the motion to dismiss in the Related Securities Actions could simplify, narrow, or even moot claims asserted in the Related Derivative Actions, thus promoting judicial economy and preserving the parties' resources. *See, e.g., In re First Solar Deriv. Litig.*, No. 12-CV-00769 (PHX) (DGC), 2012 WL 6570914, at *2 (D. Ariz. Dec. 17, 2012) (staying derivative action pending resolution of securities action because "[b]oth suits involve the same public statements and disclosures"

---

motions in the Related Securities Actions are due on April 8, 2024, because the plaintiffs in the Related Securities Actions published notice of the filing of the initial action on February 6, 2024. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Hon. Nina R. Morrison
April 2, 2024
Page 4

and "it is at least reasonably possible that resolution of the class action case will lead to prompt resolution of the derivative action"); *Cucci v. Edwards*, No. 07-SACV-532 (PSG) (MLGx), 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007) (staying derivative action and reasoning "[i]f Defendants are successful on the motion to dismiss the [Securities Complaint], Plaintiffs may have little basis for pursuing this [] Derivative Action"); *Brudno v. Wise*, No. CIV.A. 19953, 2003 WL 1874750, at *4 (Del. Ch. Apr. 1, 2003) (staying derivative action because "[h]ow the Federal Securities Action and the related [ ] proceedings come out and what they cost are crucial to the final determination of this case"); *see also Readick v. Avis Budget Grp, Inc.*, No. 12-CV-3988 (PGG), 2014 WL 1683799, at *2 (S.D.N.Y. Apr. 28, 2014) (explaining that "[a] stay may be appropriate" when there is a concurrently pending action that "arises from the same nucleus of facts," noting that "where there are two competing lawsuits, the first should have priority") (citations omitted).

Second, a stay could prevent potential prejudice to NYCB because by allowing the Related Derivative Actions and Related Securities Actions to proceed concurrently, NYCB would essentially have to defend itself in the Related Securities Actions while suing itself in the Related Derivative Actions on virtually identical theories. *See, e.g.*, *Brenner v. Albrecht*, No. CIV.A. 6514, 2012 WL 252286, at *6 (Del. Ch. Jan. 27, 2012) ("Prosecution of [the] derivative action would involve taking actions designed to refute the merits of the Company's defense of the Securities Class Action, and vice versa. . . . The potential for such conflicts . . . creates a significant risk that prosecution of [the derivative plaintiff's] case will prejudice [the Company]."); *In re Groupon Deriv. Litig.*, 882 F. Supp. 2d 1043, 1053 (N.D. Ill. 2012) (staying derivative action "pending the resolution of a motion to dismiss" in securities class action because of "the significant overlap between the two cases, and the potential prejudice to Groupon should the present action proceed").

\*   \*   \*

Accordingly, we respectfully request that the Court (i) consolidate the Related Derivative Actions and (ii) stay the Related Derivative Actions pending the entry of a decision on the forthcoming motion to dismiss in the Related Securities Actions, pursuant to the terms set forth in the stipulation and proposed order enclosed herewith as **Exhibit 1**.[2]

Respectfully submitted,

*/s/* Susan L. Saltzstein
Susan L. Saltzstein

cc:   All counsel of record via ECF
      Enclosure

---

[2] Plaintiffs also request appointment of Gainey McKenna & Egleston and Rigrodsky Law, P.A., as Co-Lead Counsel for the Plaintiffs. Defendants take no position on that request.